MEMORANDUM **
California state prisoner Dale Stephen Rodabaugh appeals from the district court’s judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
Rodabaugh contends that the trial court violated his due process rights by admitting identification evidence that he claims was obtained through impermissibly *205 suggestive pretrial identification procedures. The state court’s decision rejecting this claim was not contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. See 28 U.S.C. § 2254(d)(1); see also Neil v. Biggers, 409 U.S. 188, 196-200, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); Simmons v. United States, 390 U.S. 377, 384-86, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).
Rodabaugh also contends that trial counsel was ineffective by failing to pursue a ruling on a motion to suppress the identification evidence, and by failing to file a second suppression motion. The state court’s decision rejecting this claim was not contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. See 28 U.S.C. § 2254(d)(1); see also Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Kimmelman v. Morrison, 477 U.S. 365, 375, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986).
To the extent that Rodabaugh raises uncertified claims, we construe such argument as a motion to expand the certificate of appealability, and we deny the motion. See 9th Cir. R. 22-1 (e); see also Hiivala v. Wood, 195 F.3d 1098, 1104-05 (9th Cir.1999) (per curiam).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.